IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

TERRENCE J. SHELBY, JR.,                     §
Institutional ID No. 177856,                 §
                                             §
               Plaintiff,                    §
                                             §
v.                                           §      5:22-CV-265-BR
                                             §
KELLY S. ROWE, *et al.*,                     §
                                             §
               Defendants.                   §

**MEMORANDUM OPINION**
**DENYING MOTIONS REGARDING HOUSING**

This matter comes before the Court on Plaintiff's motion to move facilities (ECF 11),

motion to be placed in a surrounding county jail (ECF 13), and motion for temporary protective

order (ECF 14). Plaintiff filed suit *pro se* while a prisoner incarcerated in the Lubbock County

Detention Center. In each of the above-referenced motions, Plaintiff seeks to alter the conditions

of confinement imposed by the Lubbock County Detention Center. Plaintiff indicates that he has

been placed in administrative separation while waiting for resolution of a disciplinary case and

indicates that he is not receiving equal treatment with regard to good behavior and his status. (*See*

*generally* ECF 11; ECF 13; ECF 14). Plaintiff claims this treatment is in retaliation for grievances

filed against the officers involved. (See ECF 14). In sum, Plaintiff seeks to be transferred to another

county facility and/or to be removed from interaction with specific guards. Each of Plaintiff's

motions are **DENIED**.

The Supreme Court has consistently held that a prisoner has no constitutional right to be

confined in any particular place. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("[T]he

Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse

conditions of confinement."); *McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *Sandin v. Conner*, 515 U.S. 472, 478 (1995) ("the Due Process Clause did not itself create a liberty interest in prisoners to be free from intrastate prison transfers."); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons."). Likewise, "a prison inmate does not have a protectible liberty or property interest in his custodial classification[,] and an inmate's disagreement with a classification is insufficient to establish a constitutional violation." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). The relief Plaintiff seeks is not within the Court's jurisdiction, and therefore, Plaintiff's motion to move facilities (ECF 11) and motion to be placed in a surrounding county jail (ECF 13) are **DENIED**.

Additionally, plaintiff seeks a temporary restraining order ("TRO"). (ECF 14). Federal Rule of Civil Procedure 65(b)(1) governs the issuance of a TRO. Absent notice and opportunity to be heard from the opposing party, a TRO encompasses only restraint on a party for a fourteen-day period. Fed. R. Civ. P. 65(b)(2). If a plaintiff's request for restraint extend beyond this period, then the Court may construe his requests as a motion for a preliminary injunction; as such, plaintiff must satisfy the substantive requirements for a preliminary injunction in order to obtain this relief. *See White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989).

In order to obtain a preliminary injunction under Federal Rule of Civil Procedure 65(a), the applicant must demonstrate all four of the following elements:

(1) a substantial likelihood of success on the merits;
(2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied;
(3) the threatened injury outweighs any damage that the injunction might cause the defendant; and

(4) the injunction will not disserve the public interest.

*Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014) (quoting *Hoover v. Morales*, 164 F.3d 221, 224 (5th Cir. 1998)). Injunctive relief is an extraordinary remedy requiring the applicant to unequivocally show the need for its issuance. *Sepulvado v. Jindal*, 729 F.3d 413, 417 (5th Cir. 2013) (internal citations and quotations omitted), *cert. denied*, 134 S.Ct. 1789 (2014).

Plaintiff must carry the burden as to all four elements before a preliminary injunction may be considered. *Voting for America, Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (internal quotations and citations omitted). Additionally, for a permanent injunction to issue, plaintiff must prevail on the merits of his claim and establish that equitable relief is appropriate in all other respects. *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 847-48 (5th Cir. 2004). Movants for injunctive relief must show that constitutional violations have occurred and that state officials are "demonstrably unlikely to implement required changes" without injunctive relief. *Hay v. Waldron*, 834 F.2d 481 (5th Cir. 1987).

Plaintiff seeks preliminary injunctive relief in the form of a temporary restraining order against Officer Joey D. Andrist. (ECF 14 at 4). Plaintiff accuses Officer Andrist of intentionally delivering the smallest portions of food to Plaintiff, refusing to wear a hair net, and "spittelling" over food trays. (ECF 14 at 1). Plaintiff alleges that Officer Andrist is acting in retaliation for prior grievances submitted by Plaintiff against Officer Andrist for "his work ethic." (*Id.* at 3). Plaintiff further states that he "believe[s] it is only a matter of time before [Officer Andrist] tr[ies] something to hurt me more." (*Id.*).

Plaintiff's request for a TRO to avoid all contact with Officer Andrist is an action that would last more than fourteen days; thus, Plaintiff's request for a TRO is actually a request for a preliminary injunction. Plaintiff's Motion for TRO fails to specify the harm he will suffer if

injunctive relief is not granted; rather, Plaintiff has merely expressed a generalized fear of retaliation in the future based on Officer Andrist's possible motivation "to seek revenge" for complaints filed by Plaintiff which "threaten[] his job." (ECF 14 at 3).

A movant for injunctive relief must show "a substantial threat of irreparable injury if the injunction is not granted." *Hay v. Waldron*, 834 F.2d 481, 484 (5th Cir. 1987). Plaintiff's stated allegations do not rise to the level of a substantial threat of suffering, if the injunction is not granted, let alone irreparable injury. Stated another way, Plaintiff has not alleged unsafe, life-threatening conditions. Thus, Plaintiff has therefore failed to carry his burden as to the first two elements of a request for injunctive relief. Accordingly, the request for injunctive relief must be **DENIED**.

This order terminates docket entry numbers 11, 13, and 14.

IT IS SO ORDERED.

ENTERED on July 17, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE